# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

FRIENDS OF DEL MAR BLUFFS, a
California nonprofit mutual benefit
corporation; and LAURA S. DEMARCO,
an individual,

                                    Plaintiff,

            v.

NORTH COUNTY TRANSIT DISTRICT,
a California public agency, et al.,

                                    Defendants.

Case No.:  22cv503-LL-BGS

**ORDER GRANTING-IN-PART AND
DENYING-IN-PART PLAINTIFF'S
*EX PARTE* APPLICATION FOR
SERVICE OF SUMMONS BY
PUBLICATION**

**[ECF No. 5]**

## I.    INTRODUCTION

Plaintiffs and Petitioners Friends of Del Mar Bluffs, a California nonprofit mutual benefit corporation, and Laura S. DeMarco, an individual (collectively, "Plaintiffs"), bring this action for declaratory relief against Defendants the North County Transit District, a California public agency (the "NCTD"); Matthew Tucker, as Executive Director of the NCTD; all persons interested in the matter of the NCTD's Approval on January 20, 2022, of a Contract with Exbon Development, Inc. to Install Fencing in the City of Del Mar Without Compliance with California Laws; all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the properties described in the complaint adverse to Plaintiffs' title, or any cloud upon Plaintiffs' title thereto; and Does 1 through

1

50 (collectively, "Defendants").  ECF No. 1.

Before the Court is Plaintiff's *Ex Parte* Application for Service of Summons by Publication (the "Motion").  ECF No. 5.  After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiffs' Motion.

## II.   BACKGROUND

### A.   Statement of Facts

Plaintiffs allege that Defendants have taken actions concerning the coastal bluffs in the City of Del Mar that violate California's environmental laws, including the California Coastal Act of 1976, Public Resources Code, §§ 30000 *et seq.* (the "Coastal Act"), and defy a warning letter sent by the California Attorney General Letter as well as a Cease and Desist Order issued by the Executive Director of the California Commission.  ECF No. 1-3 at 15, ¶ 1.  Plaintiffs claim that Defendants' threatened violations would put the stability of the Del Mar coastal bluffs at risk and would interfere with public use of the bluffs and access to the beach.  *Id.* at 15, ¶ 2.

### B.   Procedural History

On March 21, 2022, Plaintiffs commenced this action by filing a petition for writ of mandate and complaint in the San Diego Superior Court, Case No. 37-2022-00011260-CU-WM-CTL (the "Action").  The complaint alleges four causes of action under California state law: (1) declaratory relief regarding breach of the Grant Agreement between the NCTD and California State Transportation Agency ("CalSTA") (against Defendant NCTD); (2) declaratory relief regarding breach of the covenant of good faith and fair dealing arising from the Grant Agreement (against Defendant NCTD); (3) quiet title as to the public easement to use trails on the Upper Bluff (against all Defendants); and (4) invalidity and illegality of NCTD's actions (against all Defendants).  ECF No. 1 at 3, ¶ 4.

On April 12, 2022, Defendants NCTD and Tucker were served, meaning they have until Tuesday, May 3, 2022, to file a responsive pleading.  ECF No. 1-3 at 3, ¶ 4;

*see also* Fed. R. Civ. P. 12.  That same day, they removed on the basis that although Plaintiffs' complaint attempts to allege state law claims only, at least some, if not all, of the claims at issue are completely preempted by the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. §§ 10101 *et seq*., because the NTCD qualifies as a common carrier.  ECF No. 1 at 3-4, ¶ 6.

On April 18, 2022, Plaintiffs filed the instant Motion.  ECF No. 5.

## III.   LEGAL STANDARD

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service by any means permitted by the law of the state in which the case is pending, or the state in which the defendant resides.  *See* Fed. R. Civ. P. 4(e)(1).  Article 3 of California's Code of Civil Procedure ("CCP"), governing "Manner of Service of Summons, provides for various means of service, including but not limited to, service by publication.  Section 415.50 of the CCP ("Section 415.50"), governing service by publication, provides as follows:

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action. (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.

Cal. Civ. Proc. Code § 415.50(a).

California courts impose a high standard of diligence before approving use of publication and strictly construe the statutory provisions for service by publication.  *See Olvera v. Olvera*, 232 Cal. App. 3d 32, 41 (1991) ("When substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required.").  "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is

3

generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). "The term 'reasonable diligence' ... denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). Under California law, "[c]onsistent with the notions of fair play and due process, substituted service by publication is 'a last resort' when 'reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication' has been exercised." *Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (2018).

## IV.   DISCUSSION

Plaintiffs seek an order directing service of the summons on the following parties:

- All persons interested in the matter of the North County Transit District's approval on January 20, 2022, of a contract with Exbon Development, Inc. to install fencing in the City of Del Mar without compliance with California Laws.

- All persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the properties described in the complaint adverse to Plaintiffs' title, or any cloud upon Plaintiffs' title thereto.

Plaintiffs ask to serve these parties by publication of the summons in a newspaper for general circulation in California and most likely to give actual notice to Defendants: the San Diego Union Tribune. ECF No. 5 at 2:2-14. They state this newspaper has the ability to provide public notice pursuant to California Government Code §§ 6603, which requires publication for three consecutive weeks for an invalidation action, and 6064, which requires publication for three consecutive weeks for a quiet title action. *Id.* They advise that the parties currently served, NCTD and Mr. Tucker, do not oppose this Motion. *Id.*

Plaintiffs' lawsuit alleges claims for, *inter alia*, quiet title and invalidation of public agency actions. *See* ECF No. 1. They point out that the invalidation and quiet title claims "impose overlapping publication requirements to give notice to the 'ALL PERSONS INTERESTED' and 'ALL PERSONS UNKNOWN.'" ECF No. 5 at 3:9-11. The Court analyzes whether Plaintiffs may serve by publication based on the California laws governing the respective claims.

4

### A.     Plaintiffs Failed to Comply with Local and Chambers Rules

As an initial matter, although an Application for Publication of the Summons may be made without a hearing in the superior court, Local Rule 7.1 requires that a hearing date must be requested from the clerk of the judge to whom a case is designed "for any matters on which a ruling is required."  CivLR 7.1(b); *see also id.* at subdivision (f) (requiring a motion to include the "hearing date and time"); Chambers Rules of the Hon. Linda Lopez, Rule 3(B) (requiring parties to set a hearing thirty-five (35) days following the motion's filing date).  Here, Plaintiff never requested a hearing date, and as such, the Motion should have been rejected.  While Plaintiffs filed this motion "*ex parte*," Plaintiffs did not file the appropriate affidavit required by the local rules.  *See* CivLR 83.3(g)(2); Chambers Rules of the Hon. Linda Lopez, Rule 5 (same).  Further, Plaintiffs indicate Defendants NCTD and Tucker do not oppose this Motion, but counsel for those parties have neither signed the Motion nor submitted declarations to that effect.  Thus, the Court is left with nothing more than hearsay to support Plaintiffs' position that this Motion, which was not brought according to the regularly noticed rules, is unopposed. Fed. R. Evid. 801(c). However, due to the Court's preference for hearing issues on the merits, it addresses the issues at hand.

### B.     Plaintiff's Validation Action Allows Service by Publication Under

The CCP allows a public agency to "bring an [*in rem*] action in the superior court of the county in which" that agency's principal office "is located to determine the validity of [any] matter" authorized to be determined.  Cal. Civ. Proc. Code § 860.  Section 861 of the CCP sets forth the manner in which an agency attains jurisdiction over all interested parties:

> **Jurisdiction of all interested parties may be had by publication of summons pursuant to Section 6063 of the Government Code[1]** in a newspaper of general circulation

---

[1]     California's Government Code requires publication of notice "once a week for three successive weeks."  Cal. Gov't Code § 6063.  It elaborates that "[t]hree publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient."  *Id.*  "The period of notice commences upon the first day of publication and terminates at the end of the twenty-first day, including therein the first day."  *Id.*

5

designated by the court, published in the county where the action is pending and whenever possible within the boundaries of the public agency, and in such other counties as may be ordered by the court, and if there be no such newspaper in any such county or counties then in some adjoining county. In addition, prior to completion of such publication, the agency shall, to the extent which the court finds reasonably practicable, give notice of the pendency of the proceeding by mail or other means ordered by the court.

Cal. Civ. Proc. Code § 861 (emphasis added). Thus,"[p]ublication in a validation or reverse validation action is made under Government Code section 6063 (*see* Code Civ. Proc., § 861) which only requires three publications." *Cty. of Riverside v. Super. Ct.*, 54 Cal. App. 4th 443, 446 n.4 (1997) (noting that "[p]ublication of summons in a usual civil action is accomplished pursuant to Government Code section 6064, which requires four publications"). "Failure to publish a summons in accordance with the statutory requirements deprives the court of jurisdiction over 'all interested parties' (§ 861), which deprives the court of the power to rule upon the matter." *See Cmty. Youth Athletic Ctr. v. City of Nat'l City*, 170 Cal. App. 4th 416, 428 (2009) (noting that "[u]nless the plaintiff has published a summons in compliance with the statutory requirements, the court has no jurisdiction to rule upon the matter that is the subject of the action").

The summons in such a "validation action" must also conform to the following requirements:

The summons shall [1] be directed to "all persons interested in the matter of [specifying the matter]," and … [2] contain a notice to all persons interested in the matter that they may contest the legality or validity of the matter by appearing and filing a written answer to the complaint not later than the date specified in the summons, which date shall be 10 or more days after the completion of publication of the summons. The summons shall provide a detailed summary of the matter the public agency or other person seeks to validate. The summons shall also state that persons who contest the legality or validity of the matter will not be subject to punitive action, such as wage garnishment or seizure of their real or personal property.

Cal. Civ. Proc. Code § 861.1.

Where a public agency fails to bring proceedings regarding the validity of government actions, "any interested person may bring an action within the time and in the court specified by Section 860 to determine the validity of such matter." Cal. Civ. Proc. Code § 863; *see also McLeod v. Vista Unified Sch. Dist.*, 158 Cal. App. 4th 1156, 1166 (2008) (noting that "[a] validation action by an interested person is called a reverse validation action") (internal quotations omitted). Here, the instant case is brought by Plaintiffs, a California nonprofit mutual benefit corporation and an individual, and thus, qualifies as a reverse validation action brought by interested persons. Where this occurs, the public agency becomes the defendant, rather than the plaintiff, and must "be served with the summons and complaint in the action in the manner provided by law for the service of a summons in a civil action." *Id.* Further, "[i]n any such action the summons shall be in the form prescribed in Section 861.1 except that in addition to being directed to 'all persons interested in the matter of [specifying the matter],' it shall also be directed to the public agency." *Id.* Notably, "[i]f the interested person bringing such action **fails to complete the publication** and such other notice as may be prescribed by the court in accordance with Section 861 and to file proof thereof in the action **within 60 days from the filing of his complaint**, __the action shall be forthwith dismissed__ on the motion of the public agency *unless good cause* for such failure *is shown* by the interested person." *Id.* (emphasis added).

Plaintiffs argue that the Court must urgently grant publication because the complaint was filed on March 21, 2022, meaning they must complete publication of notice for their reverse validity action by Friday, May 20, 2022, or they will lose it. ECF No. 5 at 3:12-15. However, this would only occur if (1) the public agency filed a motion to dismiss the claim and (2) Plaintiffs failed to show good cause for failing to complete publication by that date. *See* Cal. Civ. Proc. § 863. Given Plaintiffs advise that the public agency at issue, the NCTD, consents to the granting of this Motion, it seems unlikely they would move to dismiss for failure to publish by the aforementioned date so long as Plaintiffs timely filed the Motion. Nonetheless, because Plaintiffs' claim for validity of public agency actions

requires service on all interested parties by publication, the Court **GRANTS** Plaintiffs' request for publication of the summons as to the following parties: "All persons interested in the matter of the North County Transit District's approval on January 20, 2022, of a contract with Exbon Development, Inc. to install fencing in the City of Del Mar without compliance with California Laws."   Notice shall be published once a week for three successive weeks in the San Diego Union Tribune.

### C. Plaintiffs Have Not Met the Requirements for Serving an Individual in a Quiet Title Action by Publication Under Section 415.50.

With respect to Plaintiffs' claim to quiet title, a plaintiff must name as defendants all those "having adverse claims … of record or known to the plaintiff." Cal. Civ. Proc. Code § 762.060(b).  However, the plaintiff *may* also "name as defendants 'all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto.'" Cal. Civ. Proc. Code § 762.060(a).  A plaintiff bringing such a quiet title action may serve these "unknown persons" in the following manner:

> If upon affidavit it appears to the satisfaction of the court that the plaintiff has used reasonable diligence to ascertain the identity and residence of and to serve summons on the persons named as unknown defendants … , the court shall order service by publication pursuant to Section 415.50 and the provisions of this article.  The court may, in its discretion, appoint a referee to investigate whether the plaintiff has used reasonable diligence to ascertain the identity and residence of persons sought to be served by publication, and the court may rely on the report of the referee instead of the affidavit of the plaintiff in making the order for service by publication.

Cal. Civ. Proc. Code § 763.010(b).

Under Section 415.50, a plaintiff may serve a summons by publication only "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" and that *either* (1) "[a] cause of action exists against the party upon whom service is to be made or . . . she is a necessary or proper party to the action" or (2) "[t]he party to be served has or

8

claims an interest in real or personal property in this state that is subject to the jurisdiction of the court."  Cal. Civ. Proc. Code § 415.50 (a).

For the reasons outlined below, the Court finds Plaintiffs have not shown (1) reasonably diligent efforts to locate and serve the defendants or (2) that a cause of action exists against those defendants or they are necessary parties.

### 1.   *Plaintiffs Have Not Shown Reasonably Diligent Efforts*

Section 415.50 requires the plaintiff to show to the court that "the party to be served cannot with reasonable diligence be served in another manner."  Cal. Civ. Proc. Code § 415.50 (a); *see also* Cal. Judicial Council Com., West Ann. Code Civ. Proc. (1973 ed.) § 415.50 (providing that "[t]he first step in service by publication is the filing of a prescribed affidavit showing in detail . . . probative facts indicating a sincere desire and a thorough search to locate the defendant, including the dates thereof and any attempts to serve the defendant by another method of service").  This requirement stems from "notions of fair play and justice embodied in the concept of due process of law," which "require an exercise of reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication."  *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978).   The Judicial Council comments to Section 415.50 are instructive in elaborating on the showing required for a trial court to find that a party has exercised reasonable diligence in trying to locate the party to be served:

> The term 'reasonable diligence' takes its meaning from the former law: it denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.  A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient.  These are likely sources of information, and consequently must be searched before resorting to service by publication.

*Kott*, 45 Cal. App. 4th at 1137–38 (citing Cal. Judicial Council Com., West Ann. Code Civ.

9

Proc. (1973 ed.) § 415.50, pp. 561–563).

Reasonable diligence has been held to require "[t]wo or three attempts to personally serve a defendant at a proper place." *Rodriguez v. Cho*, 236 Cal. App. 4th 742, 750 (2015). In addition to attempting personal service, courts also require attempts to serve the defendant by at least one other method. *See*, *e.g.*, *Donel*, 87 Cal. App. 3d at 334 (holding that where an attorney only employed one method to locate a defendant, the attorney had not exercised reasonable diligence as a matter of law prior to applying to the court for permission to serve by publication); *accord Stafford v. Mach*, 64 Cal. App. 4th 1174, 1183 (1998), *as modified on denial of reh'g* (July 8, 1998) (upholding service of process where "a process server . . . made six attempts at personal service at Mach's residence," and "[o]n the sixth attempt . . . the server 'announced drop service' and left the papers with him" while mailing the summons and complaint to the same address two days later). Other attempts may include "[a] number of honest attempts to learn defendant's whereabouts or his address" by means of (1) "inquiry of relatives" and (2) "investigation of appropriate city and telephone directories, [voter registries, and assessor's office property indices situated near the defendant's last known location]." *Watts*, 10 Cal. 4th at 749, n.5.

Here, Plaintiffs indicate that they "are not aware of the identities of persons or entities, if any, claiming an ownership interest in the land on which is situated the Upper Bluff Coastal Trail for which Plaintiffs seek a declaration of prescriptive easement for purposes asserted in the Complaint other than defendant NCTD." ECF No. 5 at 6:26-7:2. They state that they could not serve a copy of the complaint or petition in any other manner and "used reasonable diligence and made inquiry of appropriate public databases and have not been able to ascertain a present address or determine the existence of unknown persons." *Id.* at 7:5-8. They also indicate that they "believe that publication of summons in the San Diego Union Tribune, which is a newspaper of general circulation in San Diego County, is appropriate in order to ascertain if there are any such claimants." *Id.* at 7:2-5 (citing Declaration of Shirli F. Weiss, ECF No. 5-2 at 4, ¶ 13).

The Court finds that under the circumstances, Plaintiffs have not exercised

10

reasonable diligence to locate the "persons unknown." The facts of the Complaint indicate Plaintiffs must know at least some person interested in the outcome of this claim. *See* ECF No. 1-3 at 25, ¶ 54 (suggesting the Attorney General, for example, may be an interested party). Further, as set forth below, Plaintiffs have also failed to show that a cause of action exists against these "persons unknown" or that they are a necessary party to his case.

### 2.    *Plaintiffs Provided an Insufficient Affidavit*

Under California law, service by publication is permitted only where "upon affidavit it appears to the satisfaction of the court in which the action is pending that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or property party to the action." Cal. Code Civ. Proc. § 415.50(a)(1). This is because "[f]or the purpose of service by publication, the existence of a cause of action is a jurisdictional fact." *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977) (providing "[t]here must be an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the jurisdictional fact appear, for the Judge to act upon before he has any jurisdiction to make the order"). "In other words, Section 415.50(a)(1) requires that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against each defendant whom service by publication is requested." *Rose v. Seamless Fin. Corp. Inc.*, No. 3:11-cv-00240-AJB-KSC, 2013 WL 1285515, at *3 (S.D. Cal. Mar. 26, 2013).

Plaintiffs argue that "[s]ervice by publication of the persons unknown is appropriate because a cause of action may exist against the unknown defendants," and if these unknown individuals exist, "they would be a necessary or proper party to the action[ ] and … may have or claim an interest in [the] real or personal property … , or the relief demanded in the action consists wholly or in part in excluding such unknown defendants from an interest in such property." ECF No. 5 at 6:12-16. Concurrently with their Motion, they file a declaration under penalty of perjury pursuant to the laws of the State of California,[2] based

---

[2]    The Court notes that both declarations in support of this application are signed "under the laws of the State of California." *Compare* 28 U.S.C. § 1746(2) (setting forth

on the reasonable investigation of Shirli F. Weiss as to the deeds she has reviewed, in which she states the following:

> 1. Facts showing the existence of each element of each cause of action alleged against the defendant/respondents herein or showing the unknown defendant/respondents may exist and would be a necessary or proper party to this action, or
> 2. Facts showing the party to be served may claim an interest in real or personal property in this state that, or the relief demanded in the action consists wholly or in part in excluding such party from an interest in such property.

ECF No. 5 at 6:16-17 (citing Declaration of Shirli F. Weiss, ECF No. 5-2 at 2-4, ¶¶ 3-12).

The Court finds this declaration problematic for two reasons: First, it contains nothing more than conclusory statements as to what facts, if any, could support the causes of action alleged against Defendants as is required by Section 415.50.  *See*, *e.g.*, *Rose*, 2013 WL 1285515, at *3 (rejecting the plaintiff's motion for publication of the summons as deficient where they simply reiterated service attempts and were "devoid of any facts from which the trial court could draw the conclusion that a cause of action existed against [any of the] defendants").  Such affidavits with mere conclusions do not satisfy the jurisdictional requirement either.  *See*, *e.g.*, *Islamic Republic of Iran v. Pahlavi*, 160 Cal. App. 3d 620, 627 (1984) (holding that service was improper where, *inter alia*, the affidavit in support of the application for publication consisted of "a medley of conclusions and political declamation and certainly fails to formulate a comprehensible cause of action").  "Unless the affidavit contains some such evidence tending to establish every material jurisdictional fact, the Judge has no legal authority to be satisfied, and, if he makes the order, he acts without jurisdiction, and all proceedings based upon it are void."  *Indian Hills Holdings,*

---

the requirements for a sworn declaration) *with Nownejad v. Farmers Ins.*, No. CV 13-6507 PSG (JCX), 2014 WL 12591258, at *3 (C.D. Cal. Sept. 18, 2014) (finding an attestation in a declaration stating, "I declare under penalty of perjury under the laws of the State of California that the foregoing is true and accurate" is substantially similar to the attestation required under 28 U.S.C. § 1746(2)); *Brantley v. Boyd*, No. 07–6139 SC, 2011 WL 1225630, at *3 (N.D. Cal. Apr. 1, 2011) (same).  Thus, the Court accepts the declarations.

12

*LLC v. Frye*, 337 F.R.D. 293, 305 (S.D. Cal. 2020) (quoting *Harris*, 68 Cal. App. 3d at 726-27).

Second, an affidavit in support of a request for service by publication "must state facts based on knowledge and not on mere hearsay." 4 Witkin, Cal. Procedure (5th ed. 2019) Actions § 1037. "A number of decisions carrying out this idea say that the test of the sufficiency of the affidavit is whether it could be the foundation of an indictment for perjury if false." *Id.* Affidavits by a plaintiff's attorney have been held insufficient to meet the jurisdictional requirement for a court to issue an order for publication. *See Frye*, 337 F.3d at 305 (finding "a declaration by Plaintiffs attorney, rather than Plaintiffs agent or representative, which contains no averments whatsoever as to what facts, if any, could support a cause of action against Defendants fails to meet the requirements of Section 415.50"); *Harris*, 68 Cal. App. 3d at 726 (providing that "the affidavit filed by plaintiffs' attorney is devoid of any facts from which the trial court could draw the conclusion that a cause of action existed against defendants"). Even a verified complaint has been held insufficient to meet this jurisdictional requirement. *See Harris*, 68 Cal. App. 3d at 726 (noting that "[c]ontrary to plaintiffs' assertion, the verification of the complaint by plaintiffs' counsel on his information and belief is no substitute for the sworn statement of facts which section 415.50 requires of the affiant"). Here, a declaration by Plaintiffs' attorneys, rather than themselves or their agent or representative, which contains no averments whatsoever as to what facts, if any, could support a cause of action against Defendants fails to meet the requirements of Section 415.50. *See*, *e.g.*, *Rose*, 2013 WL 1285515 at *3; *see also Harris*, 68 Cal. App. at 726.

Thus, the Court **DENIES** Plaintiffs' request for publication of the summons as to their quiet title claim *without prejudice*.

## V.    <u>CONCLUSION</u>

For the above reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Motion as follows:

1.     Plaintiffs' request to serve the unserved defendants named in the validation

13

claim is **GRANTED**.  Plaintiffs must serve notice of this case pursuant to California Code of Civil Procedure, §§ 860, *et seq.*, governing invalidation actions, once a week for three successive weeks in the San Diego Union Tribune.

2.     Plaintiffs' request to serve the unserved defendants named in the quiet title claim is **DENIED** *without prejudice*.

**IT IS SO ORDERED.**

 DATED:    April 26, 2022

_____
**HON. LINDA LOPEZ**
United States District Judge

14